**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GLEN ELLYN PHARMACY, INC., on behalf of plaintiff and the class members defined herein, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| AKRON GENERICS, LLC and JOHN DOES 1-10, | ) ) ) |
| Defendants. | ) ) |

**COMPLAINT – CLASS ACTION**

**MATTERS COMMON TO MULTIPLE COUNTS**

**INTRODUCTION**

1.      Plaintiff Glen Ellyn Pharmacy, Inc.,  brings this action to secure redress for the actions of defendant Akron Generics, LLC, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and the common law.

2.      The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the use of its fax machine.  The recipient also wastes valuable time it would have spent on something else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

**PARTIES**

1

3.     Plaintiff Glen Ellyn Pharmacy, Inc., is an Illinois corporation with offices in Glen Ellyn, Illinois, where it maintains telephone facsimile equipment.

4.     Defendant Akron Generics, LLC , is a New York limited liability company with principal offices at 47 Mall Drive, Suite 1, Commack, New York 11725. It maintains a registered agent at The Limited Liability Company, 11901 Jamaica Ave, Richmond Hill, New York 11418.

5.     John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction under 28 U.S.C. §§1331 and 1367.   *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012);  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446  (7th Cir. 2005).

7.     Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

    a.     Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

    b.     Have transacted business in Illinois.

8.      Venue in this District is proper for the same reason.

## FACTS

9.     On February 13, 2020, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine, providing the name, website, address and telephone number of defendant Akron Generics, LLC, and announcing availability of and pricing for products marketed by Akron Generics.

2

10.     Discovery may reveal the transmission of additional faxes as well.

11.     Defendant Akron Generics, LLC, is responsible for sending or causing the sending of the fax.

12.     Defendant Akron Generics, LLC, is the entity whose products or services were advertised in the fax, derived economic benefit from the sending of the fax.

13.     Defendant Akron Generics, LLC, either negligently or wilfully violated the rights of plaintiff and other recipients in sending the faxes.

14.     Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

15.     On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

16.     The fax does not contain an "opt out" notice that complies with 47 U.S.C. §227.

17.     On information and belief, defendant has transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

18.     There is no reasonable means for plaintiff or other recipients of defendant's unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

19.     Plaintiff incorporates ¶¶ 1-18.

20.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

3

21.     The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

> **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

> **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

> **(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

22.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, plaintiff's statutory right of privacy was invaded.

23.     Plaintiff and each class member is entitled to statutory damages.

24.     Defendant violated the TCPA even if its actions were only negligent.

25.     Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

26.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on behalf of defendant Akron Generics, LLC, promoting its goods or services for sale (d) where defendant does not have evidence of

4

consent or an established business relationship prior to the sending of the faxes.

27.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

28.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

      a.     Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

      b.     The manner in which defendant compiled or obtained its list of fax numbers;

      c.     Whether defendant thereby violated the TCPA;

29.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

30.     Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

31.     A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

32.     Numerous courts have certified class actions under the TCPA. *Holtzman v.*

5

*Turza,* No. 08 C 2014, 2009 WL 3334909 (N.D.Ill. Oct. 14, 2009), *aff'd in part, rev'd in part,*

*vacated in part,* 728 F.3d 682 (7th Cir. 2013); *Ballard RN Center, Inc. v. Kohll's Pharmacy and*

*Homecare, Inc.* 2015 IL 118644, 48 N.E.3d 1060; *American Copper & Brass, Inc. v. Lake City*

*Indus. Products, Inc.*, 757 F.3d 540, 544 (6th Cir. 2014); *In re Sandusky Wellness Center, LLC*,

570 Fed.Appx. 437, 437 (6th Cir. 2014); *Sandusky Wellness Center, LLC v. Medtox Scientific,*

*Inc.*, 821 F.3d 992, 998 (8th Cir. 2016); *Sadowski v. Med1 Online, LLC,* No. 07 C 2973, 2008

WL 2224892 (N.D.Ill. May 27, 2008); *CE Design Ltd. v. Cy's Crabhouse North, Inc.,* 259

F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.,*

679 F.Supp.2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Laboratory, Inc.,* No. 10 C 1315,

2010 WL 4074379 (N.D.Ill. Oct. 12, 2010); *Hinman v. M&M Rental Center, Inc.,* 545 F.Supp.2d

802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC,* No. 08 C 3276, 2010 U.S.Dist. LEXIS

72902 (N.D.Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communications, Inc.,*

No. 08-cv-4521, 2010 WL 744262 (N.D.Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246

F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d

451, 455 (La.App. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.,* 992

So.2d 510 (La.App. 2008); *Lampkin v. GGH, Inc.,* 146 P.3d 847 (Ok.App. 2006); *ESI Ergonomic*

*Solutions, LLC v. United Artists Theatre Circuit, Inc.,* 203 Ariz. 94, 50 P.3d 844 (2002); *Core*

*Funding Group, LLC v. Young,* 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v.*

*Taranto Group, Inc.,* 293 Kan. 285, 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns,*

*Inc.,* 306 S.W.3d 577 (Mo.App. 2010); *Lindsay Transmission, LLC v. Office Depot, Inc.,* No.

4:12-CV-221 (CEJ), 2013 WL 275568 (E.D.Mo. Feb. 24, 2013).

33.     Management of this class action is likely to present significantly fewer difficulties

that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

    a.    Actual damages;

    b.    Statutory damages;

    c.    An injunction against the further transmission of unsolicited fax advertising;

    d.    Costs of suit;

    e.    Such other or further relief as the Court deems just and proper.

## COUNT II – CONVERSION

34.    Plaintiff incorporates ¶¶ 1-18.

35.    By sending plaintiff and the class members unsolicited faxes, defendant converted to its own use ink or toner and paper belonging to plaintiff and the class members.

36.    Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

37.    By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable.  Such appropriation was wrongful and without authorization.

38.    Defendant knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

39.    Plaintiff and the class members were deprived of the paper and ink or toner,

which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

40. Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

41. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date five years prior to the filing of this action, (c) were sent faxes by or on behalf of defendant Akron Generics, LLC, promoting its goods or services for sale (d) where defendant does not have evidence of consent or an established business relationship prior to the sending of the faxes.

42. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

43. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

    b. Whether defendant thereby converted the property of plaintiff.

44. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

45. Plaintiff's claims are typical of the claims of the class members. All are based on

8

the same factual and legal theories.

46.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

47.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

a.      Appropriate damages;

b.      An injunction against the further transmission of unsolicited fax advertising;

c.      Costs of suit;

d.      Such other or further relief as the Court deems just and proper.

## COUNT III – TRESPASS TO CHATTELS

48.     Plaintiff incorporates ¶¶ 1-18.

49.     Plaintiff and the class members were entitled to possession of the equipment they used to receive faxes.

50.     Defendant's sending plaintiff and the class members unsolicited faxes interfered with their use of the receiving equipment and constitutes a trespass to such equipment.  *Chair King v. Houston Cellular*, 95cv1066, 1995 WL 1693093 at *2 (S.D. Tex. Nov. 7, 1995) (denying a motion to dismiss with respect to plaintiff's trespass to chattels claim for unsolicited faxes),

9

vacated on jurisdictional grounds 131 F.3d 507 (5th Cir. 1997).

51.     Defendant acted either intentionally or negligently in engaging in such conduct.

52.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes.

53.     Defendant should be enjoined from continuing trespasses.

## CLASS ALLEGATIONS

54.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date five years prior to the filing of this action,  (c) were sent faxes by or on behalf of defendant Akron Generics, LLC, promoting its goods or services for sale (d)  where defendant does not have evidence of consent or an established business relationship prior to the sending of the faxes.

55.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

56.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

          a.     Whether defendant engaged in a pattern of sending unsolicited fax
                  advertisements;

          b.     Whether defendant thereby committed a trespass to chattels.

57.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not

to vigorously pursue this action.

58.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

59.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

60.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

a.      Appropriate damages;

b.      An injunction against the further transmission of unsolicited fax advertising;

c.      Costs of suit;

d.      Such other or further relief as the Court deems just and proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Dulijaza (Julie) Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


/s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
       & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

# **EXHIBIT A**

## ACRx
## Akron Generics

**47 MALL DR. UNIT 1 & 2**
COMMACK, NY 11725
Phone: 1-631-268-5528  Email: ben@akrongenerics.com
Fax: 1-631-386-8708, NY Reg. No.: 035617

Sales Rep: BEN

### DAILY SPECIALS

PHARMACY NAME: _____

| DESCRIPTION | SIZE | PRICE | QTY | DESCRIPTION | SIZE | PRICE | QTY |
|---|---|---|---|---|---|---|---|
| AMOXICILLIN/CLAV 500MG/125 MG TAB | 20 | $3.75 | | ARIPIPRAZOLE 15 MG | 30 | $0.99 | |
| ARIPIPRAZOLE 20 MG TAB | 30 CT | $0.99 | | ARIPIPRAZOLE 30 MG TAB | 30 CT | $0.99 | |
| CLINDAMYCIN PHOSPHATE 1% SOLUTION | 60 ML | $6.99 | | CYANOCOBALAMIN 1000MCG/ML INJECTION | 25X1 ML | $49.99 | |
| DIGOXIN 0.25 MG | 100 | $6.99 | | DILTIAZEM 120 MG TABLET | 100 CT | $16.99 | |
| DILTIAZEM 90 MG TABLET | 100 CT | $13.99 | | DILTIAZEM CD 180 MG CAPSULE | 90 CT | $13.49 | |
| DILTIAZEM CD 240 MG CAPSULE | 90 CT | $16.99 | | DIVALPROEX SODIUM ER 500 MG | 500 | $79.99 | |
| ESOMEPRAZOLE 40 MG CAPS 30 | 30 CT | $3.99 | | ESOMEPRAZOLE MAG 40 MG DR CAPS 90 | 90 | $9.99 | |
| GABAPENTIN 100 MG CAPS | 500 CT | $9.99 | | GABAPENTIN 600 MG CAP | 500 CT | $29.99 | |
| GABAPENTIN 800 MG CAP | 500 CT | $33.99 | | GLIMEPIRIDE 2 MG | 500 | $11.99 | |
| GLIMEPIRIDE 4 MG TABS | 500 CT | $15.99 | | GLIPIZIDE 10 MG | 1000 | $19.99 | |
| HALOPERIDOL 20 MG | 100 | $99.99 | | KETOCONAZOLE CREAM 2% | 60 GM | $18.99 | |
| LEVOTHYROXINE 125 MCG TAB | 100 CT | $7.49 | | LEVOTHYROXINE 25 MCG TAB | 100 CT | $7.99 | |
| LIDOCAINE 5% TOPICAL PATCH | 30 CT | $49.99 | | LIDOCAINE/PRILOCAINE 2.52.5 % CREAM | 30 | $0.99 | |
| METRONIDAZOLE 0.75% VAG. GEL | 70 GM | $31.99 | | OLMESARTAN MED TAB 20 MG 30 CT | 30 CT | $3.99 | |
| OSELTAMIVIR PHOSPHATE CAPS 75 MG 10 CT | 10 CT | $6.49 | | SOLIFENACIN SUCC 10 MG TAB | 30 CT | $3.99 | |

IF YOU WOULD LIKE TO STOP RECEIVING OUR FAX PLEASE FILL OUT THE FOLLOWING AND FAX BACK TO 631-386-8708. THANK YOU.

PHARMACY NAME: _____  FAX NUMBER: _____